**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4062**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

JUSTIN DAVID CRENSHAW,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Anderson.   G. Ross Anderson, Jr., Senior
District Judge.  (8:10-cr-00545-GRA-1)

_____

Submitted:  August 24, 2011      Decided:   September 1, 2011

_____

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Lora E. Collins, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.   Leesa Washington, Assistant
United States Attorney, Greenville, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Justin David Crenshaw pled guilty to possession of a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2006). Counsel has filed a brief pursuant to Anders v. California, 368 U.S. 738 (1967), asserting no meritorious issues for appeal exist but asking the court to review the reasonableness of Crenshaw's sentence. Crenshaw was informed of his right to file a supplemental pro se brief, but has not done so. The Government declined to file a brief. We affirm.

Appellate courts review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The court reviews first the reasonableness of the process by which the sentencing court arrived at its decision and then reviews the reasonableness of the sentence itself. Id. In determining the procedural reasonableness of a sentence, this Court considers whether the district court properly calculated the Guidelines range, treated the Guidelines as advisory, considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular

2

facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). Crenshaw preserved his claims of error "[b]y drawing arguments from § 3553 for a sentence different than the one ultimately imposed." United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010). Thus, any error must lead to reversal unless the error was harmless. Id. at 581, 585.

Here, although the district court correctly calculated the offense level for Crenshaw as an armed career criminal, the court erred by calculating the Guidelines range according to the statutory maximum of 120 months applicable to a § 922(g) offense rather than the mandatory minimum 180 months applicable to Crenshaw as an armed career criminal. Compare 18 U.S.C. § 924(a)(2) (2006) (maximum sentence of ten years for violation of 18 U.S.C. § 922(g)) with 18 U.S.C. § 924(e) (fifteen-year minimum for violations of § 922 by defendant convicted of three violent felonies). Nevertheless, the error was harmless because Crenshaw in fact received a windfall on account of it.[*] Lynn, 592 F.3d at 585.

Pursuant to Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.

---

[*] Because the Government has not sought review of the district court's sentencing error, we decline to recognize the error sua sponte.

3

We therefore affirm the district court's judgment. This court requires that counsel inform Crenshaw, in writing, of the right to petition the Supreme Court of the United States for further review. If Crenshaw requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Crenshaw. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED